# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREEK M. MAXWELL, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| vs. | : | NO. 11-7565 |
| | : | |
| MICHAEL NUTTER, MAYOR OF | : | |
| PHILADELPHIA, et al., | : | |
|     Defendants | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                                 January 23, 2013

Tyreek M. Maxwell brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against Michael Nutter, the Mayor of Philadelphia; Charles Ramsey, its Commissioner of Police; and Officer William Moser, of the Philadelphia Police Department. The defendants filed a partial motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, I will grant the motion in part, deny it in part, and add the City of Philadelphia as a defendant.

## I. BACKGROUND[2]

The complaint alleges that on the evening of December 30, 2009, Philadelphia Police Officer William Moser shot Mr. Maxwell twice from behind. Officer Moser claimed that he was justified in shooting Mr. Maxwell because he claimed that Mr. Maxwell had pointed a gun at him. Mr. Maxwell allegedly was falsely arrested and

---

[2] All facts are taken from the plaintiff's complaint, and for purposes of this motion, are accepted as true with all reasonable inferences drawn in favor of the plaintiff.

charged with murder, attempted murder of a police officer, and aggravated assault of a police officer. Those charges were subsequently withdrawn.

Mr. Maxwell was taken to the hospital for treatment. Since then, he has suffered from "anxiety disorder, post-traumatic stress disorder, panic attacks, severe stress, anxiety, severe depression, flashbacks, and insomnia." See Compl. at 3.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern
2

Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

Moreover, courts must liberally construe *pro se* complaints and "apply the applicable law, irrespective of whether [the] litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). Thus, a plaintiff's complaint, however inartfully pleaded, must be held to a less stringent standard than a formal pleading drafted by an attorney. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. DISCUSSION

The defendants argue that the claims against Mayor Nutter and Commissioner Ramsey should be dismissed because: (1) the plaintiff has not asserted that these two defendants were personally involved in his arrest, and thus they cannot be sued in their individual capacities; and (2) if the claims can be construed as being against these two defendants in their official capacities, then the claims should have been brought as claims against the City of Philadelphia.

Title 42 of the United States Code § 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights. Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979). Section 1983 provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, in evaluating § 1983 claims against municipal actors, the Supreme Court has set forth two threshold inquiries: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535 (1981); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (same); Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995). A municipality can also be held liable for § 1983 violations when municipal employees, such as police officers, unconstitutionally apply an otherwise valid policy as a result of improper or inadequate training, or a "failure to train." See City of Canton v. Harris, 489 U.S. 378, 387 (1989). In order for a municipality's failure to train to be actionable under § 1983, it must amount to "deliberate indifference" to the rights of the persons with whom police officers come into contact, and it must be shown to be a part of city policy. Id. at 389-90.

In suits against municipal employees who act in a supervisory capacity, the Supreme Court has differentiated between claims against those individuals in their personal (individual) capacities and their official capacities. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Personal capacity suits seek to impose liability on

government officials for acts performed under color of law.  Id.  Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."  Id. (quoting Monell v. Dep't of Soc. Serv. of the City of New York, 436 U.S. 658, 690, n. 55 (1978)).  Here, Mr. Maxwell has not expressly indicated whether he is suing the Mayor and the Commissioner in their personal capacities, their official capacities, or both.  Given my duty to construe this *pro se* complaint liberally, I will consider these options in turn.

An official sued under § 1983 in a personal capacity action can be held liable if he acted under color of law to deprive a person of a federal right.  See Hafer, 502 U.S. at 27; Powell, 189 F.3d at 401; Graham, 473 U.S. at 166.  The Third Circuit has expressly applied the standards for municipality liability for § 1983 violations to cases alleging individual liability.  See Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) ("…the standard of individual liability for supervisory public officials will be found to be no less stringent than the standard of liability for the public entities that they serve.  In either case, a 'person' is not the 'moving force [behind] the constitutional violation' of a subordinate, unless that 'person' - whether a natural one or a municipality - has exhibited deliberate indifference to the plight of the person deprived") (internal citations omitted)); see also Brown v. Muhlenberg Twp., 269 F.3d 205, 215 (3d Cir. 2001).

There are two theories of supervisory liability under which a plaintiff can sue a municipal defendant in a personal capacity action.  See A.M. v. Luzerne County Juvenile Det. Ctr., 372 F.3d 572, 578 (3d. Cir. 2004).  Under the first theory, defendants can be sued as policymakers "if it is shown that such defendants, 'with deliberate indifference to

5

the consequences, established and maintained a policy,[5] custom,[6] or practice which directly caused [the] constitutional harm.'" Id. (citing Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989). The second theory provides for personal liability if plaintiffs can show that a supervisor "participated in violating their rights, or that he directed others to violate them, or that he…had knowledge of and acquiesced in his subordinates' violations." Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995) (citing Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990)). There is no liability for personal capacity actions based only on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Monell, 436 U.S. at 693.

Thus, for the plaintiff to be successful in personal capacity claims against the Mayor and the Commissioner, he will have to show that these defendants were policymakers who established or maintained policies, customs, or practices which directly caused the constitutional harm to the plaintiff, and that they did so with

---

[5] A municipal policy, for purposes of § 1983, is a "statement, ordinance, regulation, or decision officially adopted and promulgated by [a government] body's officers." Monell, 436 U.S. at 690; see also Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000) ("Policy is made when a 'decisionmaker possessing final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict.") (citation omitted). Such a policy "generally implies a course of action consciously chosen from among various alternatives." Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985). Limiting liability to identifiable policies ensures that municipalities are only liable for "deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Brown, 520 U.S. at 403-04.

[6] A custom, while not formally adopted by the municipality, may lead to liability if the "relevant practice is so widespread as to have the force of law." Brown, 520 U.S. at 404. This requirement should not be construed so broadly as to circumvent Monell: "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy..." Oklahoma City v. Tuttle, 471 U.S. 808, 823-824 (1985).

deliberate indifference to the consequences; or that these defendants personally participated in violating the constitutional rights of the plaintiff, or directed others to violate those rights, or had knowledge of and acquiesced in the violations of their subordinates.

While it is not likely that the Mayor of the City of Philadelphia or its Police Commissioner personally participated in the attack on Mr. Maxwell, it is premature to preclude the plaintiff from exploring the theories of individual liability for these two public officials as described above. Thus, I will deny the motion to dismiss the Section 1983 claims against the Mayor and the Police Commissioner in their personal capacities.

Next, the Supreme Court has held that official capacity suits cannot be maintained against state officers acting in their official capacity on behalf of the state. See Hafer v. Melo, 502 U.S. 21, 27 (1991) (state officers sued for damages in their official capacity are not "persons" for purposes of the suit because they assume the identity of the government that employs them) (citing Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989)); see also Powell v. Ridge, 189 F.3d 387, 401 (3d Cir. 1999).

Here, it appears that Mr. Maxwell is attempting to plead a Monell claim against the City of Philadelphia for what he articulates as the "policies and standards" for which Mayor Nutter and Commissioner Ramsey are responsible. However, the plaintiff has not included the City of Philadelphia as a defendant in this action. Thus, I will strike that portion of the complaint which can be construed as the Mayor and the Police Commissioner being sued in their official capacities. And, pursuant to Rule 19(a)(2) of the Federal Rules of Civil Procedure, I will order that the City of Philadelphia be made a

defendant and replace the Mayor and the Police Commissioner as defendants being sued in their official capacities.

      An appropriate Order follows.