# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREEK M. MAXWELL, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 11-7565 |
| | : | |
| MICHAEL NUTTER, MAYOR OF | : | |
| PHILADELPHIA, et al., | : | |
| Defendants | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                March 23, 2015

      This is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 brought by Tyreek M. Maxwell, against the Mayor of Philadelphia, its Police Commissioner, and an officer of its Police Department. In my Memorandum denying in part and granting in part the defendants' partial motion to dismiss, I struck the portion of the complaint which could have been construed as the Mayor and Police Commissioner being sued in their official capacities, and pursuant to Rule 19(a)(2) of the Federal Rules of Civil Procedure, I added the City of Philadelphia as a defendant. See Tyreek M. Maxwell v. Michael Nutter, et al., 2013 U.S. Dist. LEXIS 10787 (E.D. Pa. January 23, 2013). I also denied the motion to dismiss as to the Mayor and Police Commissioner in their individual capacities.

      The defendants have filed a partial motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Mr. Maxwell has also filed a motion for summary judgment pursuant to Rule 56. For the following reasons, I will grant the defendants' partial motion in its entirety, and deny Mr. Maxwell's motion in its entirety.

## I. BACKGROUND

The complaint alleges that on the evening of December 30, 2009, Philadelphia Police Officer William Moser shot Mr. Maxwell twice. Officer Moser claimed that he was justified in the shooting because he claimed that Mr. Maxwell had pointed a gun at him.

Mr. Maxwell attached to his motion for summary judgment the transcript of Officer Moser's testimony at Mr. Maxwell's preliminary hearing. Officer Moser testified that he was responding to dispatch radio calls concerning two possible murder suspects in his area of patrol in Philadelphia. Officer Moser spotted two individuals who matched the rather barebones radio description. He exited his vehicle to investigate, and after announcing that he was a police officer, ordered the two men to stop and place their hands on the wall. One gentleman complied. Mr. Maxwell did not. In fact, Officer Moser testified that Mr. Maxwell spun around toward him, placed his hand in his jacket pocket, and pulled out a revolver. In that split second, Officer Moser shot Mr. Maxwell twice. Mr. Maxwell's revolver flew out of his hand and landed into the adjacent house's yard. The gun was recovered shortly thereafter by a highway officer. See Document #23.

Mr. Maxwell was taken to Temple University Hospital for treatment of his gunshot wounds. The complaint alleges that he has suffered from "anxiety disorder, post-traumatic stress disorder, panic attacks, severe stress, anxiety, severe depression, flashbacks, and insomnia." See Compl. at 3.

Mr. Maxwell was arrested and charged with murder, attempted murder of a police officer, aggravated assault of a police officer, and carrying firearms in public. The murder and attempted murder charges were withdrawn, but Mr. Maxwell was found guilty of aggravated assault and carrying firearms in public. See Commonwealth v. Maxwell, CP-51-CR-0006371-2010. It appears from the docket that Mr. Maxwell received a one to two year sentence of imprisonment to run consecutively with the sentence he was serving at the time on unrelated charges. Id.

Mr. Maxwell brought this complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights stemming from the December 2009 incident. In his summary judgment motion, Mr. Maxwell specifically confines his claims to excessive force against Officer Moser in violation of the Eighth[1] and Fourteenth Amendments, failure to train against the Mayor and Police Commissioner, and a Monell claim against the City of Philadelphia for failure to train. On February 9, 2012, I granted Mr. Maxwell's motion for appointment of counsel and directed the Clerk of Court to appoint an attorney from the Civil Rights Panel to represent Mr. Maxwell. Unfortunately, that attempt was unsuccessful and Mr. Maxwell chose to continue to proceed *pro se* in this action. See Documents #18 and 19.

---

[1] Mr. Maxwell's claim of excessive force arises in the context of an arrest, not the actions of prison officials. A plaintiff may only bring an Eighth Amendment claim where he has been convicted and is in prison to serve a sentence. Boring v. Kozakiewicz, 833 F.2d 468, 471 (3d Cir. 1987). The Eighth Amendment, therefore, does not apply to this case. The Court of Appeals for the Third Circuit has noted that courts should apply the Due Process Clause of the Fourteenth Amendment to protect pretrial detainees from excessive force. See Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990) (Fourteenth Amendment applies when plaintiff is a pretrial detainee).

Discovery in this action terminated on February 20, 2014. Mr. Maxwell sent the defendants discovery requests including interrogatories and document requests to which the defendants responded with objections. Mr. Maxwell filed no motions to compel after receiving the defendants discovery responses and objections. Further, he did not take the deposition of any of the defendants, and he has not taken the deposition of any representative of the defendants.

## II. LEGAL STANDARD

A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. A party asserting that a fact is genuinely disputed must support the assertion by: citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits

4

or declarations, stipulations, admissions, interrogatory answers or other materials. Fed. R. Civ. P. 56(c)(1)(A). That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Under Rule 56, the court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255. The court must decide not whether the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. Id. at 252. If the non-moving party has exceeded the mere scintilla of evidence threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent. Big Apple BMW, Inc. v. BMW of North Am., Inc., 974 F.2d 1358, 1363 (3d Cir.1992).

Because Mr. Maxwell proceeds *pro se*, his pleadings are liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nonetheless, even a *pro se* plaintiff still has "the formidable task of avoiding summary judgment by producing evidence 'such that a reasonable jury could return a verdict for [him].'" Zilich v. Lucht, 981 F.2d 694, 696 (3d Cir. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

**III. DISCUSSION**

Mr. Maxwell brought this complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Under 42 U.S.C. § 1983, a private party may recover in an action against any person acting under the color of state law who deprives the party of his or her constitutional rights. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, in evaluating § 1983 claims against municipal actors, the Supreme Court has set forth two threshold inquiries: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535 (1981); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (same); Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995).

    1. <u>City of Philadelphia</u>

The City of Philadelphia was added as a defendant in this § 1983 action. A municipal body or other local governmental unit such as the City of Philadelphia, not part of a state for Eleventh Amendment purposes, may be a "person" subject to suit under 42 U.S.C. § 1983. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-91 (1978) ("Congress

6

did intend municipalities and other local government units to be included among those persons to whom § 1983 applies.") Such a municipality can be held liable for § 1983 violations when municipal employees, such as police officers, unconstitutionally apply an otherwise valid policy as a result of improper or inadequate training, or a "failure to train." See City of Canton v. Harris, 489 U.S. 378, 387 (1989). In order for a municipality's failure to train to be actionable under § 1983, it must amount to "deliberate indifference" to the rights of the persons with whom police officers come into contact, and it must be shown to be a part of city policy. Id. at 389-390.

However, it has been repeatedly held that a local government unit may not be subjected to § 1983 liability on a theory of *respondeat superior*. Board of Cnty. Comm'rs of Bryan Cnty., OK v. Brown, 520 U.S. 398, 403 (1997); City of Canton v. Harris, 489 U.S. at 392; Pembaur v. Cincinnati, 475 U.S. 469, 478-79 (1986); Monell, 436 U.S. at 691; Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996). Rather, "a plaintiff seeking to impose liability on a municipality under § 1983 [is required] to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bryan County, 520 U.S. at 403; Beck, 89 F.3d at 971. In Bryan County, the United States Supreme Court elaborated on the showing required for municipal liability under § 1983, stating:

> [I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the

7

deprivation of federal rights.

Id. at 404; see Kneipp v. Tedder, 95 F.3d 1199, 1213 (3d Cir. 1996).

Here, the evidence that Mr. Maxwell has adduced is insufficient under the holding of Bryan County. Mr. Maxwell has merely identified that the City has failed to train properly on the use of excessive force, without demonstrating that it was the moving force behind his injuries. Mr. Maxwell has produced no evidence of any custom, much less a permanent and well settled custom, that Defendant Philadelphia condoned or failed to train its police officers on the use of excessive force. Instead, the only evidence he produced in his summary judgment motion is limited to the transcript of Officer Moser's testimony at the preliminary hearing, and the medical records from his hospital treatment following the shooting. This evidence does not show a custom or policy, nor the requisite degree of culpability necessary to establish a Monell claim. Accordingly, I will grant the defendants' motion as to the City of Philadelphia, deny Mr. Maxwell's motion, and enter judgment in favor of the City and against Mr. Maxwell.

### 2. Mayor and Police Commissioner in Their Individual Capacities

In my Memorandum disposing of the defendants' motion to dismiss, I dismissed the Mayor and the Commissioner of Police to the extent that they were being sued in their official capacities. See Tyreek M. Maxwell v. Michael Nutter, et al., 2013 U.S. Dist. LEXIS 10787 (E.D. Pa. January 23, 2013). I further ordered, however, that they remain

in this case in their personal capacities to allow Mr. Maxwell to explore the theories of individual liability for these two public officials.[2]  Id.

Because of his *pro se* status, I instructed Mr. Maxwell that for him to be successful in his claims against the Mayor and the Police Commissioner in their personal capacities, he would have to show that these defendants were policymakers who established or maintained policies, customs, or practices which directly caused the constitutional harm to him, and that they did so with deliberate indifference to the consequences; or that these defendants personally participated in violating his constitutional rights, or directed others to violate those rights, or had knowledge of and acquiesced in the violations of their subordinates.

Notwithstanding this direction, Mr. Maxwell has adduced no evidence that Mayor Nutter or Police Commissioner Ramsey were policymakers with deliberate indifference to the harm they may have caused by their policy or custom.  He further has not proved that these two officials participated in violating his rights, or that they directed others to violate them, or that they knew of and acquiesced in their subordinates' violations.  His only attempt to prove the two officials' liability is to argue that they were "aware of the

---

[2] There are two theories of supervisory liability under which a plaintiff can sue a municipal defendant in a personal capacity action.  See A.M. v. Luzerne County Juvenile Det. Ctr., 372 F.3d 572, 578 (3d. Cir. 2004).  Under the first theory, defendants can be sued as policymakers "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, custom, or practice which directly caused [the] constitutional harm.'" Id. (citing Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989).  The second theory provides for personal liability if plaintiffs can show that a supervisor "participated in violating their rights, or that he directed others to violate them, or that he…had knowledge of and acquiesced in his subordinates' violations." Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995) (citing Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990)).  There is no liability for personal capacity actions based only on a theory of *respondeat superior*.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Monell, 436 U.S. at 693.

widespread corruption and use of excessive force by Philadelphia Police Officers, and instead of stopping it, did nothing to stop the use of excessive force and corruption." See Document #23 at ¶ 16. Without evidence, what remains are bald assertions against the Mayor and the Police Commissioner, which are insufficient for summary judgment. I find that the Mayor and the Police Commissioner in their personal capacities were not liable for Mr. Maxwell's alleged constitutional violations.

Accordingly, I will grant the motion for partial summary judgment as to the Mayor and Police Commissioner, and enter judgment on their behalf, and against Mr. Maxwell.

3. Officer Moser

Mr. Maxwell moves for summary judgment against Officer Moser "for excessive force, pain and suffering, as well as mental anguish." See Document #23 at ¶¶ 8 and 9. He argues that Officer Moser's testimony at the preliminary hearing proves that the officer shot Mr. Maxwell without justification and caused false and fraudulent criminal charges to be lodged against Mr. Maxwell to conceal the excessive use of force. See Document #23, Exh. B. Mr. Maxwell further argues that the officer's testimony shows that Mr. Maxwell was not in possession of a gun at the time he was shot by Officer Moser. After a careful review, however, I find that Officer Moser's testimony cannot provide the proof for which Mr. Maxwell had hoped. On the contrary, the uncontroverted testimony shows that, during an investigatory stop, Officer Moser was faced with a split second decision to shoot when Mr. Maxwell pulled his gun from his jacket and aimed it at the officer. Officer Moser shot Mr. Maxwell twice. In fact, the testimony indicates that Mr. Maxwell's gun was recovered in a yard by a highway

10

officer. Mr. Maxwell was later found guilty of aggravated assault and firearms charges in connection with this December 2009 incident. Accordingly, I will deny Mr. Maxwell's motion for summary judgment against Officer Moser.

Furthermore, it appears that Mr. Maxwell is attempting to attack his criminal convictions by use of this § 1983 claim without establishing that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination or called into question by the issuance of a writ of *habeas corpus*. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). In Heck, the Supreme Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. 512 U.S. at 486-487. The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment. Id. at 487. Here, success in Mr. Maxwell's claim of excessive force against Officer Moser would necessarily imply the invalidity of Mr. Maxwell's conviction and sentence in the state court for aggravated assault and firearms offenses. Finding that Officer Moser was not justified when he shot Mr. Maxwell as Mr. Maxwell asks me to do, would imply that the state courts erred in convicting Mr. Maxwell of those offenses. Mr. Maxwell cannot demonstrate that his state court conviction or his sentence has been invalidated. Id. Accordingly, I will enter judgment on behalf of Officer Moser and against Mr. Maxwell.

An appropriate Order follows.