IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREEK M. MAXWELL, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 11-7565 |
| | : | |
| MICHAEL NUTTER, MAYOR OF | : | |
| PHILADELPHIA, et al., | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                     June 3, 2015

Tyreek M. Maxwell filed a "motion to alter or amend a judgment" pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. He seeks to amend the judgment entered against him on March 24, 2015, following the denial of his summary judgment motion and the granting of the defendants' motion for partial summary judgment. For the reasons that follow, I will deny this motion in its entirety.

**I. BACKGROUND**

On the evening of December 30, 2009, Philadelphia Police Officer William Moser shot Mr. Maxwell twice. Officer Moser claimed that he was justified in the shooting because Mr. Maxwell had pointed a gun at him. At the preliminary hearing, Officer Moser testified that he was responding to dispatch radio calls concerning two possible murder suspects in his area of patrol in Philadelphia. Officer Moser spotted two individuals who matched the rather barebones radio description. He exited his vehicle to investigate, and after announcing that he was a police officer, ordered the two men to stop and place their hands on the wall. One gentleman complied. Mr. Maxwell did not.

In fact, Officer Moser testified that Mr. Maxwell spun around toward him, placed his hand in his jacket pocket, and pulled out a revolver. In that split second, Officer Moser shot Mr. Maxwell twice. Mr. Maxwell's revolver flew out of his hand and landed into the adjacent house's yard. The gun was recovered shortly thereafter by a highway officer.

Mr. Maxwell was arrested and charged with murder, attempted murder of a police officer, aggravated assault of a police officer, and carrying firearms in public. The murder and attempted murder charges were withdrawn, but Mr. Maxwell was found guilty of aggravated assault and carrying firearms in public. See Commonwealth v. Maxwell, CP-51-CR-0006371-2010. Mr. Maxwell received a one to two year sentence of imprisonment to run consecutively with the sentence he was serving at the time on unrelated charges. Id.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED.R.CIV.P. 59(e). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 848 (3d Cir. 2014). "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

## III. DISCUSSION

None of the three grounds for reconsideration is present here. There has been no intervening change in controlling law since March 24, 2015. No new evidence has become available since then. Further, there is no need to correct clear error of law or prevent manifest injustice. In his motion for relief, however, Mr. Maxwell argues that in denying summary judgment on his excessive force claim against Officer Moser,

> the court stated the reason for the dismissal was the court believed that the plaintiff was attempting to somehow use this litigation as a means to attack his conviction in a state criminal proceeding related to this matter and the plaintiff says not. The excessive force alleged in the instant case is not a defense to a defendant being criminally prosecuted and the request for summary judgment never placed plaintiff's excessive force claim in habeas. The plaintiff alleges that the defendant's use of excessive force violates his federally protected constitutional rights and is thereby actionable under § 1983 regardless of his status of being a plaintiff convicted of a crime that bears no civil relationship to this case.

See Document #27 at 1-2. In my Memorandum denying Mr. Maxwell's motion for summary judgment as it pertained to his excessive force claim, I stated:

> Mr. Maxwell moves for summary judgment against Officer Moser "for excessive force, pain and suffering, as well as mental anguish." See Document #23 at ¶¶ 8 and 9. He argues that Officer Moser's testimony at the preliminary hearing proves that the officer shot Mr. Maxwell without justification and caused false and fraudulent criminal charges to be lodged against Mr. Maxwell to conceal the excessive use of force. See Document #23, Exh. B. Mr. Maxwell further argues that the officer's testimony shows that Mr. Maxwell was not in possession of a gun at the time he was shot by Officer Moser. After a careful review, however, I find that Officer Moser's testimony cannot provide the proof for

> which Mr. Maxwell had hoped. On the contrary, the uncontroverted testimony shows that, during an investigatory stop, Officer Moser was faced with a split second decision to shoot when Mr. Maxwell pulled his gun from his jacket and aimed it at the officer. Officer Moser shot Mr. Maxwell twice. In fact, the testimony indicates that Mr. Maxwell's gun was recovered in a yard by a highway officer. Mr. Maxwell was later found guilty of aggravated assault and firearms charges in connection with this December 2009 incident. Accordingly, I will deny Mr. Maxwell's motion for summary judgment against Officer Moser.

See Tyreek M. Maxwell v. Michael Nutter, et al., 2015 U.S. Dist. LEXIS 36464, *13-14 (E.D. Pa. March 23, 2015). Mr. Maxwell failed to prove that Officer Moser was not justified in shooting him in December 2009. To the contrary, the record reflects that Mr. Maxwell disobeyed a police Order to stop and place his hands on the wall. Instead, Mr. Maxwell turned, pulled a gun from his jacket, and aimed it at the police officer. The gun flew from his hand upon being shot by the officer, and was recovered in a nearby yard shortly after the shooting. Mr. Maxwell was later found guilty of aggravated assault and firearms charges stemming from that incident. He has not demonstrated that this state court conviction has been somehow invalidated. See Heck v. Humphrey, 512 U.S. 477, 486-487 (1994) (In order to recover damages for excessive force caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive Order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*). Thus, I found that Mr. Maxwell's claim of excessive force would not be cognizable under § 1983

if a judgment in his favor would have necessarily implied the invalidity of his state conviction or sentence.  See <u>Tyreek M. Maxwell v. Michael Nutter, et al.</u>, 2015 U.S. Dist. LEXIS 36464, *14-15.

Accordingly, because none of the grounds for reconsideration is present here, I will deny Mr. Maxwell's motion to alter or amend a judgment.

An appropriate Order follows.